ORDERED.

Dated: April 26, 2022

_____
Lori V. Vaughan
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

J.E.L. Site Development, Inc.,

      Debtor.
_____/

Gene T. Chambers, Trustee,

      Plaintiff,
vs.

KB Home Orlando, LLC,

      Defendant.
_____/

Case No. 6:19-bk-05398-LVV
Chapter 7

Adv. No. 6:21-ap-00058-LVV

**ORDER DENYING MOTION
TO DISMISS SECOND AMENDED COMPLAINT**

THIS MATTER came before the Court on KB Home Orlando, LLC's ("KB") *Motion to Dismiss Counts I and II of the Second Amended Complaint* (Doc. No. 48) (the "Motion") and the Trustee's response in opposition (Doc. No. 49).[1] KB seeks dismissal of both counts of the second amended complaint (Doc. No. 45) (the "Complaint"), arguing the Trustee failed to plead sufficient facts to support her claims. Count I is for breach of contract, Count II is for unjust

---

[1] The Court heard argument on the Motion on March 2, 2022 and took the matter under advisement.

enrichment. For the reasons stated below, the Court will deny the Motion.

**Standard**

Under Rule 8, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2), incorporated by Fed. R. Bankr. P. 7008. Rule 12(b)(6) provides for the dismissal of complaints that fail to state a claim. Fed. R. Civ. P. 12(b)(6), incorporated by Fed. R. Bankr. P. 7012(b). To avoid dismissal the "complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). At the motion to dismiss stage, the court accepts the complaint's allegations "as true and construes them in the light most favorable to the plaintiff." *Brophy v. Jiangbo Pharm., Inc.*, 781 F.3d 1296, 1301 (11th Cir. 2015) (citations omitted).

**Analysis**

*Count I – Breach of Contract*

KB states essentially two grounds why Count I should be dismissed. First, KB argues the Trustee failed to identify an express provision of a contract that was breached.[2] Succinctly put, the Court disagrees. At paragraphs 30 and 31 of the Complaint, the Trustee alleges that KB breached paragraph 6 of the *Work Agreement* by failing to turn over the Debtor's retention payment upon completion of the project. KB raises a similar concern with the Trustee's breach of the implied duty of good faith and fair dealing allegation incorporated into Count I. The same reasoning applies. It is not a separate count, and the Trustee specified the provision of the Contract breached.[3]

Last, KB argues the Trustee's allegations are inconsistent with the terms of the Contract.

---

[2] The contract at issue is a (i) *Master Subcontract Agreement* and (ii) *Work Agreement* (collectively, "Contract"), attached to the Complaint at Exs. 1 & 2.
[3] *See* Doc. No. 45 ¶ 30.

KB cites *Hillcrest Pac. Corp. v. Yamamura*, 727 So. 2d 1053, 1056 (Fla. 4th DCA 1999) for the proposition that "[if there] is an inconsistency between the general allegations … in the … complaint and the specific facts revealed by the exhibit [attached or referred to in the complaint] … they have the effect of neutralizing each allegation … rendering the pleading objectionable." Specifically, KB takes issue with paragraph 34 of the Complaint which alleges that KB failed to pay the completion bonus due under the Contract.[4]  KB asserts this is fatally inconsistent with the *Work Agreement*, which lists the completion date required to earn the bonus as "pending."[5] Because the date is missing, KB argues it is impossible it could have breached this obligation.

The Court disagrees and finds *Hillcrest* to be inapposite.  In *Hillcrest* "a plaintiff who had purchased [property] for over $9 million later sued the real estate broker … for failing to reveal that the seller was only seeking to net $6.2 million, and had agreed to pay any amount over and above that as finder's fees or commissions. [The] court affirmed the lower court's holding that the plaintiff did not state a cause of action for fraud in the inducement because … the purchase agreement [which was attached as an exhibit to the complaint] clearly stated the price [of the property]." *Output, Inc. v. Danka Bus. Sys.*, 991 So. 2d 941, 944 (Fla. 4th DCA 2008) (discussing *Hillcrest*).  In other words, the attached exhibit "plainly contradicted the allegations of the complaint and thus was inconsistent with [the plaintiff's] claim for fraud in the inducement." *Goodall v. Whispering Woods Ctr., L.L.C.*, 990 So. 2d 695, 699 (Fla. 4th DCA 2008) (discussing *Hillcrest*).

Here, while a missing date may create uncertainty, it does not plainly contradict the

---

[4] KB also argues that the Trustee's allegation that it breached paragraph 6 of the *Work Agreement* ignored "the more specific provisions of the Master Subcontract … which contain[] the specific conditions precedent to payment of the retention funds."  The Court does not find this to be an "inconsistency."  By alleging KB failed to turn over the retention funds, the Trustee necessarily alleged that the conditions precedent were satisfied.

[5] The clause states:
> **Acceleration Bonus**. If project received final acceptance from both City of Groveland and the City of Groveland Utilities by [***Pending***], Owner agrees to pay Contractor an acceleration bonus of $20,000 in addition to the stated contract amount.  Doc. No. 45 Ex. 2 at 5.

Trustee's allegations in the vein of *Hillcrest*. Second, the purported breach of the bonus clause which the missing date pertains to is only a portion of the claim. Accordingly, Count I survives.

*Count II – Unjust Enrichment*

KB next asserts the Trustee failed to state a claim for unjust enrichment. KB's objection boils down to whether the count was pled in the alternative or as an independent basis for relief.[6] KB asserts if it is the latter, the Trustee's claim fails because an unjust enrichment claim is improper where an adequate legal remedy exists (in this case, the breach of contract claim). The Court agrees that if an adequate legal remedy exists, a non-alternatively pled unjust enrichment count must fail. *See Am. Honda Motor Co. v. Motorcycle Info. Network, Inc.*, 390 F. Supp. 2d 1170, 1178 (M.D. Fla. 2005) ("It is well settled in Florida that unjust enrichment is an equitable remedy and is, therefore, not available where there is an adequate legal remedy."). However, that is not the case here. At paragraph 45 of the Complaint the Trustee states she is bringing the unjust enrichment claim "in the alternative." Because the count is pled in the alternative it can stand.

For these reasons, it is

**ORDERED** that:

1. The Motion (Doc. No. 48) is DENIED.

2. KB is directed to answer the Complaint by May 18, 2022.

3. The pretrial conference scheduled for April 11, 2022 on this matter is continued to **June 27, 2022 at 2:00 PM** in Courtroom C on the Sixth Floor, 400 W. Washington Street, Orlando, FL 32801.

Service of this Order other than by CM/ECF is not required. Local Rule 9013-3(b).

---

[6] For example, KB states "[i]t is possible that … the Trustee intended to plead the unjust enrichment claim as an alternative to its claims for breach of contract, as permitted by Rule 8(e)(2) …. However, Count II is not designated as being pleaded in the alternative." Doc. No. 48 at n.5.